IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EARNEST BARNARD CLAYTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:21-cv-335-MTT-MSH |
| | : | |
| CHIEF COUNSELOR MITCHELL, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

Pending before the Court are Plaintiff's motions for extension of time to respond to Defendants' motion to dismiss (ECF Nos. 58, 67), motions for discovery (ECF Nos. 59, 63, 69, 70), motion for the Court to direct Defendants to serve Plaintiff with their motion to dismiss (ECF No. 60), motions for default judgment (ECF Nos. 64, 65), motion to strike Defendants' motion to dismiss (ECF No. 66), and motion for the Court to provide Plaintiff with copies of case documents (ECF No. 68). For the following reasons, Plaintiff's motions are denied.

**I.      Motions for Extension of Time**

Plaintiff asserts that he requires additional time to respond to Defendants' motion to dismiss because he has yet to receive their motion and brief as well as the relevant discovery. 1st Mot. for Ext. of Time 1, ECF No. 57; 2d Mot. for Ext. of Time 1, ECF No. 67. These are Plaintiff's fourth and fifth requests for additional time to respond (*see* ECF Nos. 47, 51, 53). On March 31, 2022, due to Plaintiff's numerous assertions that he had

not been served with the motion to dismiss, the Court granted his requests and allowed him until May 5, 2022, to respond. Order 1, ECF No. 56. The Court also directed the Clerk to forward a copy of the motion to dismiss to Plaintiff. *Id*. It appears that Plaintiff finally received the motion to dismiss because on April 4, 2022, the Court received Plaintiff's response (ECF No. 62). Accordingly, Plaintiff's motions for extension of time to respond to Defendants' motion to dismiss (ECF Nos. 58, 67) are **DENIED as moot**.

## II.     Motion for Court Order Directing Service

Plaintiff requests the Court order Defendants to serve him with the motion to dismiss. Mot. for Order 1, ECF No. 60. As explained, Plaintiff has now received Defendants' motion. Therefore, Plaintiff's motion for the Court to order Defendants to serve Plaintiff with their motion to dismiss (ECF No. 60) is **DENIED as moot**.

## III.    Motions to Compel

Plaintiff asks the Court compel Defendants to provide him with discovery related to his exhaustion of administrative remedies. 1st Mot. for Disc. 1, ECF No. 59; 2d Mot. for Disc. 1-2, ECF No. 63; 3d Mot. for Disc. 1, ECF No. 69; 4th Mot. for Disc. 1, ECF No. 70. Plaintiff does not specify what "documents and other evidence" he needs, but vaguely suggests he requires certain information to adequately rebut Defendants' motion to dismiss. 1st Mot. for Disc. 1; 2d Mot. for Disc. 1-2; 3d Mot. for Disc. 1; 4th Mot. for Disc. 1. As discussed, Plaintiff has now responded. In doing so, he makes direct citations to Defendants' brief and arguments and provides documents which he argues demonstrate "that he has in fact exhausted his available administrative remedies." Pl.'s Resp. to Mot. to Dismiss 2, 5, ECF No. 62. Thus, it appears that Plaintiff has been provided the

documents and evidence he now requests, and therefore, his motions for discovery (ECF Nos. 59, 63, 69, 70) are **DENIED as moot**.

### IV.   Motions for Default Judgment

Plaintiff moves for default judgment against Defendants, arguing that they have failed to answer or defend against his complaint.  1st Mot. for Default J. 1, ECF No. 64; 2d Mot. for Default J. 1, ECF No. 65.  Rule 55 of the Federal Rules of Civil Procedure provides that when a party "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  "Prior to obtaining a default judgment, the party seeking judgment must first seek an entry of default."  *Johnson v. Rammage*, No. 5:06-CV-057-CAR, 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007).  On January 25, 2022, the Court received Plaintiff's application for entry of default judgment against Defendants (ECF No. 37).  The Clerk declined to enter default because the time for Defendants to answer had not expired.  Text-Entry, Jan. 25, 2022.  Thereafter, on March 2, 2022, Defendants filed their motion to dismiss (ECF No. 42) in lieu of an answer.  Plaintiff has not reapplied for an entry of default and even if he had, default is not warranted as Defendants have defended against Plaintiff's complaint through their motion to dismiss.  *See Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839, 843 (11th Cir. 2013) (per curiam).  Accordingly, Plaintiff's motions for default judgment (ECF Nos. 64, 65) are **DENIED**.

### V.   Motion to Strike

Plaintiff filed a motion to strike Defendants' motion to dismiss in which he appears to argue that the entirety of the motion should be stricken or denied because Defendants

did not actually serve Plaintiff with the motion on March 3, 2022, as their certificate of service provides. Mot. to Strike 1-2, ECF No. 66. Pursuant to Rule 12(f), a "court may strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Federal Rules do not consider a motion to dismiss as a pleading. *See* Fed. R. Civ. P. 7(a). Therefore, Plaintiff's motion to strike (ECF No. 66) is **DENIED**.

## VI. Motion for Copies

Finally, Plaintiff requests copies of numerous filings in the record. Mot. for Copies 1, ECF No. 68. Specifically, he seeks "all previous[] orders, motions, documents, and briefs" Defendants have filed in this case. *Id*. Though the Court has granted Plaintiff leave to proceed *in forma pauperis*, he is not entitled to free copies of these documents. *See Jackson v. Fla. Dep't of Fin. Servs.*, 479 F. App'x 289, 292-93 (11th Cir. 2012) (per curiam) (noting that the Eleventh Circuit "has never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding *in forma pauperis*, to free copies of court documents[.]" (citation omitted)); *see also Harless v. United States*, 329 F.2d 397, 398-99 (5th Cir. 1964) (per curiam) ("The statutory right to proceed *in forma pauperis* does not include the right to obtain copies of court orders, indictments, and transcript of record, without payment therefor, for use in prosed or prospective litigation.").[1] Therefore, Plaintiff's motion for copies (ECF No. 68) is **DENIED**.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions for extension of time (ECF Nos. 58, 67), motion for an Order directing service (ECF No. 60), and motions for discovery (ECF Nos. 59, 63, 69, 70) are **DENIED as moot**. Additionally, Plaintiff's motions for default judgment (ECF Nos. 64, 65), motion to strike (ECF No. 66), and motion for copies (ECF No. 68) are **DENIED.**

SO ORDERED, this 11th day of April, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE