IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EARNEST BARNARD CLAYTON, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | Case No. 5:21-CV-335-MTT-MSH |
| CHIEF COUNSELOR MITCHELL, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

# ORDER

Pending before the Court is Defendants' motion to dismiss for Plaintiff's failure to exhaust his administrative remedies. Defs.' Br. in Supp. of Mot. to Dismiss 3-9, ECF No. 42-1. Plaintiff responds that he exhausted his administrative remedies, particularly through grievance 331487. Pl.'s Suppl. Resp. in Opp'n 2-3, ECF No. 76. Plaintiff's grievance history shows no record of grievance 331487. *See* Mitchell Aff. Ex. 2, at 1, ECF No. 42-4. However, grievance 331488 references it, and Defendants attached grievance 331487's appeal response as an exhibit with their motion to dismiss—presumably by mistake. *See* Mitchell Aff. Ex. 5 Cont., at 1, ECF No. 42-10; Mitchell Aff. Ex. 4 Cont., at 1, ECF No. 42-8.[1] These hints of grievance 331487 only cause confusion.

First, there are the obvious questions of where the appeal response for grievance 329487 is and what it says. Second, grievance 331488's appeal response indicates the issue

---

[1] This exhibit is labeled as the appeal response for grievance 329487, but a look at the exhibit clearly shows it is the appeal response for grievance 331487. *See* Mitchell Aff. Ex. 4 Cont., at 1.

presented there was the same as the one presented in grievance 331487.  Mitchell Aff. Ex. 5 Cont., at 1.   Grievance 331488 concerned Plaintiff's placement in administrative segregation pursuant to falsified evidence of verbal threats.  *Id*.  Grievance 331487, on the other hand, indicates the underlying complaint as Plaintiff's wrongful placement in administrative segregation pursuant to falsified evidence that he "participated in a disturbance at Baldwin" State Prison.  Mitchell Aff. Ex. 4 Cont., at 1.  Thus, these are not the same issue.

Third, grievance 331488 states that following the investigation of grievance 331487, "a response was provided on" October 21, 2021, "GDC's grievance process ended when the response was completed, and no further action [would] be taken in the matter." Mitchell Aff. Ex. 5 Cont., at 1.  It is unclear whether this means there was no further administrative remedy available for Plaintiff to continue asserting this complaint.  Third, grievance 331487's appeal response specifies the facility as Augusta State Medical Prison ("ASMP").  Mitchell Aff. Ex. 4 Cont., at 1.  Yet according to Plaintiff—which his movement history confirms—he has never been incarcerated at ASMP.  Pl.'s Resp. in Opp'n 9, ECF No. 75; Mitchell Aff. Ex. 4, at 15-16, ECF No. 42-7.

Defendants have done nothing to explain these discrepancies, let alone the existence of grievance 331487.  Clarification is therefore necessary to determine whether Plaintiff exhausted his available administrative remedies.  Accordingly, the Court **ORDERS** Defendants to supplement the record and/or their briefing within FOURTEEN (14) DAYS to address these issues in the record.  Plaintiff shall fourteen days from the date Defendants

serve their supplemental filings to respond.[2]

    SO ORDERED, this 30th day of June, 2022.

                                      /s/ Stephen Hyles
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Also, pending before the Court are Plaintiff's motions for discovery, requesting the Court compel Defendants to provide grievance 331487. Pl.'s 1st Mot. for Disc. 1-2, ECF No. 74; Pl.'s 2d Mot. for Disc. 1, ECF No. 77; Pl.'s 3d Mot. for Disc. 1-2, ECF No. 78; Pl.'s 4th Mot. for Disc. 1-2, ECF No. 79. In light of this Order requiring Defendants to supplement the record as it relates to grievance 331487, Plaintiff's motions for discovery (ECF Nos. 74, 77, 78, 79) are **DENIED**.