IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EARNEST BARNARD CLAYTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:21-cv-335-MTT-MSH |
| | : | |
| CHIEF COUNSELOR MITCHELL, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

Pending before the Court are Plaintiff's motion for sanctions (ECF No. 81), motion to strike (ECF No. 82), motion for default judgment and for an evidentiary hearing (ECF No. 83), and motion for a hearing (ECF No. 84). For the following reasons, Plaintiff's motions are denied.

**I.     Motion for Sanctions**

Plaintiff moves for sanctions against Defendants, arguing they "violated Federal Rule of Civil Procedure 11 and their ethical obligations as officers of the Court" through their alleged use of false testimony and evidence in support of their motion to dismiss. Pl.'s Mot. for Sanctions 1-3, ECF No. 81. "Rule 11 sanctions are warranted 'when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose.'" *Johnson v. 27th Avenue Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021) (quoting *Baker v. Alderman*,

158 F.3d 516, 524 (11th Cir. 1998)); *see also* Fed. R. Civ. P. 11(b).  Courts must look at the alleged sanctionable conduct and determine whether it was "reasonable[] under the circumstances and what was reasonable to believe at the time the pleading was submitted." *Baker*, 158 F.3d at 524 (internal quotation marks omitted).  "Sanctions are warranted when a party exhibits a 'deliberate indifference to obvious facts,' but not when the party's evidence to support a claim is 'merely weak.'"  *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (quoting *Baker*, 158 F.3d at 524).

Plaintiff fails to demonstrate sanctions should be imposed.  While Defendants' evidence in support of their motion to dismiss shows discrepancies and warrants clarification, it is not apparent this was done intentionally to mislead the Court.  Rather, the reason for these discrepancies remains unclear until Defendants supplement the record as ordered.  *See* Order 1-2, June 30, 2022, ECF No. 87.  Therefore, Plaintiff's motion for sanctions (ECF No. 81) is **DENIED**.

II.   **Motion to Strike**

Plaintiff—for a second time—moves to strike the entirety of Defendants' motion to dismiss, arguing they asserted false testimony and withheld material evidence in support of their motion.  Pl.'s 2d Mot. to Strike 1-2, ECF No. 82.  Pursuant to Rule 12(f), a "court may strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  As previously explained to Plaintiff, the Federal Rules do not consider a motion to dismiss a pleading.  *See* Fed. R. Civ. P. 7(a).  Therefore, Plaintiff's second motion to strike (ECF No. 82) is **DENIED**.

### III. Motion for Default Judgment

Plaintiff moves for default judgment against Defendants—for a third time—arguing they submitted false evidence and affidavits to mislead the Court as to Plaintiff's exhaustion of his administrative remedies. Pl.'s 3d Mot. for Default J. 1-2, ECF No. 83. Rule 55 of the Federal Rules of Civil Procedure provides that when a party "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Prior to obtaining a default judgment, the party seeking judgment must first seek an entry of default." *Johnson v. Rammage*, 5:06-cv-57-CAR, 2007 WL 2276847 at *1 (M.D. Ga. Aug. 7, 2007) (citing Fed. R. Civ. P. 55(a)). Plaintiff's motion for default judgment is improper as he did not first seek a clerk's entry of default.[1] Even if Plaintiff had, default is not warranted as Defendants have defended against Plaintiff's complaint through their motion to dismiss. *See Dyer v. Wal-Mart Stores, Inc.*, F. App'x 839, 843 (11th Cir. 2013) (per curiam). Accordingly, Plaintiff's motion for default judgment (ECF No. 83) is **DENIED**.

### IV. Motions for Hearing

Plaintiff moves for a hearing to determine exhaustion and the validity of Rashedah Mitchell's and Tiffany Hood's affidavits. Pl.'s 3d Mot. for. Default J. 1; Pl.'s Mot. for Hearing 1, ECF No. 84. A hearing, however, is not necessary. Both parties have thoroughly briefed their arguments regarding exhaustion, and the Court has given both

---

[1] The Court notes that Plaintiff previously applied for an entry of default judgment against Defendants (ECF No. 37), but the Clerk declined to enter default because the time for Defendants to answer had not expired. Text-entry, Jan. 25, 2022. Plaintiff has not reapplied for an entry of default.

parties additional time to supplement the record and/or their briefs as it relates to the discrepancies regarding Plaintiff's exhaustion. Order 1-2, June 31, 2022. The Court can make credibility findings following such supplementation. *See Bryant v. Rich*, 530 F.3d 1368, 1377-78 (11th Cir. 2008) (finding the district court did not clearly err in determining that plaintiff's allegation that he was denied access to grievance forms was not credible); *see also Whatley v. Smith*, 898 F.3d 1072, 1082-83 (11th Cir. 2018) (upholding district court finding that one of inmate's grievances was not filed). Therefore, Plaintiff's motion for a hearing (ECF No. 84) is **DENIED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for sanctions (ECF No. 81), motion to strike (ECF No. 82), motion for default judgment and for an evidentiary hearing (ECF No. 83), and motion for a hearing (ECF No. 84) are **DENIED**.

SO ORDERED, this 1st day of July, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE