IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **EARNEST BARNARD CLAYTON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| V. | : | |
| | : | NO. 5:21-cv-00335-MTT-AGH |
| **CHIEF COUNSELOR MITCHELL,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

*Pro se* Plaintiff Earnest Barnard Clayton has filed a motion for leave to appeal *in forma pauperis*. Mot. for Leave to Appeal *In Forma Pauperis*, ECF Nos. 269 & 272. Plaintiff seeks to appeal the judgment in favor of Defendants entered on June 21, 2024. Order Adopting R. & R., ECF No. 256; J., ECF No. 261. After reviewing the record, the Court enters the following Order.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. Under 28 U.S.C. § 1915,

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Here, Plaintiff has submitted an updated motion for leave to appeal *in forma pauperis*, which demonstrates that he is unable to prepay the appellate filing fee. Mot. for Leave to Appeal *In Forma Pauperis*, ECF No. 272.

Second, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there

is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

In this action, Plaintiff filed a complaint raising multiple potential claims. Compl., ECF No. 1. On preliminary review of the complaint, Plaintiff was granted leave to proceed *in forma pauperis* and allowed to proceed on an excessive force claim, a retaliation claim, and a conditions-of-confinement claim against two defendants. R. & R., ECF No. 8. It was recommended that Plaintiff's remaining claims be dismissed without prejudice for failure to state a claim. *Id.* Plaintiff did not object to the recommendation, and it was adopted. Order, ECF No. 18.

Thereafter, Plaintiff was also permitted to proceed on a due process claim and a retaliation claim in a separate case against the same two defendants, and that case was consolidated with this one. Order, ECF No. 19. Additionally, on preliminary review of an amended complaint, Plaintiff was permitted to proceed on claims against four new defendants. R. & R., ECF No. 106. It was recommended that other claims be dismissed, and that recommendation was also adopted. *Id.*; Order, ECF No. 131.

Following a series of motions and responses, all of Plaintiff's claims were dismissed for failure to exhaust his administrative remedies except for a claim alleging denial of due process against two defendants. R. & R., ECF No. 164; Order, ECF No. 167. Ultimately, those two defendants were granted summary judgment with regard to that claim. R. & R., ECF No. 217; Order, ECF No. 256. At the conclusion of the case, costs were taxed against Plaintiff. Taxation of Costs, ECF No. 268.

Plaintiff has filed a notice of appeal and two motions for leave to proceed *in forma pauperis* on appeal. Notice of Appeal, ECF No. 266; Mot. for Leave to Appeal *In Forma Pauperis*, ECF Nos. 269 & 272. Plaintiff does not identify any issues for appeal in these filings. *See generally id.* Thus, Plaintiff has not identified a non-frivolous issue for appeal. Moreover, this Court's independent review of the record demonstrates that Plaintiff's appeal is frivolous. The appeal, therefore, is not brought in good faith. Consequently, Plaintiff's application to appeal *in forma pauperis* is **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $605 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to § 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $605 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 24th day of September, 2024.

S/ Marc T. Treadwell
_____
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT