IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **EARNEST BARNARD CLAYTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:21-cv-335 (MTT) |
| ) | |
| Sergeant **EDWARD FLOYD**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

### ORDER

Plaintiff Earnest Clayton moves the Court for reconsideration of its Order (Doc. 275) denying Clayton's motions for leave to appeal *in forma pauperis* ("IFP"). Doc. 280.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.* "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Clayton's motion for reconsideration simply restates his prior arguments. Specifically, Clayton argues that defendants Ivey and Floyd intentionally filed false

-2-

evidence with the Court, namely Ivey's declaration stating that Clayton received a disciplinary report. Doc. 280. The Magistrate Judge already addressed Clayton's conclusory allegations of false disciplinary charges and found that "Clayton has not submitted a single piece of evidence to show Floyd or Ivey filed, caused to be filed, or had placed in his prison file a false disciplinary report or document, whether at BSP, HSP, or anywhere else." Doc. 217 at 16. This finding was adopted in the Court's Order on summary judgment. Doc. 256. The Court subsequently denied Clayton's motions for leave to appeal IFP because Clayton did not identify any issues for appeal, and the Court's independent review of the record determined that Clayton's appeal was frivolous. Doc. 275.

Because Clayton has failed to show that the Court made a clear error in its previous Order (Doc. 275), his motion for reconsideration (Doc. 280) is **DENIED**.

**SO ORDERED**, this 31st day of October, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT